UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM, INC., a Delaware corporation, AMAZON.COM SERVICES LLC, a Delaware limited liability company, and AMAZON TECHNOLOGIES, INC., a Nevada corporation,

Plaintiffs,

v.

Denis Aleksandrov and Does 1-10, unknown parties doing business as "Olympus Refunds,"

Defendants.

No. 2:26-cv-04292

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## I. INTRODUCTION

1. Amazon brings this case against an international fraud organization called Olympus Refunds, its operator, Denis Aleksandrov, and other colluding defendants responsible for stealing over $450,000 of product from Amazon's online stores through systematic refund abuse. Through this lawsuit, Amazon aims to expose and shut down Defendants' fraudulent activity and hold them accountable for the harm they are causing to Amazon and its legitimate retailers and customers.

2. Protecting customers and earning the trust of selling partners are core values at Amazon. Retail theft is a persistent problem that plagues online and physical retailers alike. One form of retail theft involves systematic refund fraud, which undermines Amazon's ability to efficiently serve customers and selling partners. Customers who shop in Amazon's online stores should be delighted with their purchases, and if they are not, they should be able to easily return the product. Amazon has built one of the most trusted brands in the world, in part based on its highly trusted customer service and refund process. Sophisticated fraudsters—like Defendants—exploit the refund process for their own financial gain. Their activity leaves retailers and honest consumers to bear the brunt of increased costs, decreased inventory, and poor return experiences.

3. Defendants are individuals from around the world who operate under the name or in conjunction with "Olympus Refunds" ("Olympus"). Olympus is part of an underground industry offering fraudulent refunds to users, and it operates a Telegram channel with over 2,290 followers where it advertises fraudulent refund services. In this scheme, bad actors who want a free product (like an iPad) pay Olympus a fee (such as 15% of the product's cost) to obtain a fraudulent refund. After the bad actor purchases the product from Amazon, Olympus uses sophisticated methods to obtain a refund, including by socially engineering Amazon customer service agents. The Defendants' scheme tricks Amazon into processing refunds for products that are never returned; instead of returning the products as promised, the purchaser keeps the product *and* the refund. Olympus posted over 275 user testimonials known as "vouches" proving Olympus fraudulently obtained refunds from Amazon.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## II. PARTIES

### A. Amazon Plaintiffs

4. Amazon.com, Inc., is a Delaware corporation with its principal place of business in Seattle, Washington.

5. Amazon.com Services LLC is a Delaware limited liability company with its principal place of business in Seattle, Washington. Amazon.com Services LLC is the successor to Amazon.com Services, Inc.

6. Amazon Technologies, Inc., is a Nevada corporation with its principal place of business in Seattle, Washington.

### B. Defendants

7. Defendants are known and unknown parties who conspired and operated in concert with each other to engage in the refund fraud scheme detailed in this Complaint. Defendants are subject to liability for their wrongful conduct both directly and under principles of secondary liability including, without limitation, respondeat superior, vicarious liability, and/or contributory infringement.

8. Denis Aleksandrov is an individual who, on information and belief, resides in Plovdiv, Bulgaria.

9. Does 1-10 are individuals and/or entities working in active concert with each other and with Denis Aleksandrov to operate a refund fraud service provider doing business as Olympus. The identities of the Olympus Doe Defendants are presently unknown to Amazon.

10. Defendants advertise their services and conduct the fraudulent scheme through numerous methods, including via the Telegram pages OLYMPUS MAIN REALM at https://t.me/+Qgq0Xs3sfU9hYzdk, GATEWAY OLYMPUS at https://t.me/OLYMPUSENTRANCE, OLYMPUS BACKUP REALM at https://t.me/+snqpaELVcRhiYTI0, OLYMPUS STORES REALM at https:// t.me/+0FPSiQCaEbBlYTE8, and OLYMPUS VOUCHES REALM at



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

https://t.me/+b2LtVBLcJ5U2NWE0. While operating under the name Olympus Refunds, they have taken deliberate steps to conceal their true identities.

## III. JURISDICTION

11. The Court has subject matter jurisdiction over Amazon's federal claims for trademark infringement (15 U.S.C. § 1114) and violations of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a).

12. The Court has supplemental jurisdiction over Amazon's common law claims for fraudulent misrepresentation, negligent misrepresentation, conversion, unjust enrichment, and civil conspiracy because they are substantially related to the federal claims. 28 U.S.C. § 1367.

13. The Court also has diversity jurisdiction over Amazon's claims against the Defendants under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and is between citizens of different states or, to the extent Defendants reside abroad, between citizens of a state and citizens of a foreign state.

14. The Court has personal jurisdiction over the Defendants because they each transacted business and committed tortious acts within and directed to this District. Amazon's claims arise from those activities, and Defendants intentionally harmed Amazon, which resides in this District. Defendants affirmatively undertook to do business with Amazon, and the principal place of business for each of Amazon.com, Inc.; Amazon.com Services LLC; and Amazon Technologies, Inc., is in Seattle, Washington.

15. The Court also has personal jurisdiction over the Defendants under 18 U.S.C. § 1965(b) because the Defendants have sufficient minimum contacts with the United States, and Amazon's claims arise from those contacts.

16. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in the District.

17. Intra-district assignment to the Seattle Division is proper because the claims arose in this Division where (a) Amazon resides, (b) injuries giving rise to suit occurred, and (c) Defendants directed their unlawful conduct. *See* Local Civil Rule 3(e).



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## IV. FACTS

### A. Amazon Product Returns

18. Amazon is a highly trusted brand. Customers around the world enjoy shopping in Amazon's stores for products and services. One of Amazon's most popular features is its user-friendly return policy.

19. Amazon fulfills customer orders by retrieving the product from its source location (such as an Amazon fulfillment center) and shipping the product to the customer's location using Amazon's own shipping services, the U.S. Postal Service ("USPS"), or a common carrier (e.g., UPS, FedEx, DHL, etc.).

20. Customers can initiate a product return to Amazon by contacting Amazon through a variety of methods, including on Amazon's mobile app, emailing, conducting an online chat session, completing an online form, or calling customer service. Once a return request is processed, customers receive a shipping label to send the product back to Amazon. Refunds are generally credited to the payment method (typically a credit or debit card) connected to the customers' accounts.

21. In addition to obtaining a refund through a product return, Amazon allows customers to request a refund for products that are not delivered, arrive damaged, are inoperable, or deficient in some other way. If the refund request is granted by Amazon, the order amount is credited back to the customer using the payment method associated with the customer's account.

22. There is no fee to obtain a refund from Amazon, and Amazon offers robust customer support to aid in the refund process.

### B. Refund Fraud as a Service

23. Genuine refunds are a standard and expected component of the retail industry. Amazon customers should be delighted with their purchases, and they should have the ability to easily return a product if they are not.

24. Unfortunately, fraudsters exploit the refund process for their own financial gain to the detriment of honest consumers and retailers who bear the brunt of increased costs, decreased



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

inventory, and service disruption. Refund fraud, a form of organized retail crime, affects the entire retail industry, including physical and online retailers alike.

25. Some fraudsters—like Defendants—have created organized operations to systematically defraud retailers at scale. These operations, such as Olympus Refunds, have created illegitimate "businesses" offering fraudulent refunds to individuals around the world who are knowingly engaging with and participating in the fraud in order to receive expensive electronics and other products for free. These fraudulent schemes operate as an underground industry that enables a multitude of bad actors to conspire to take part in (and benefit from) sophisticated fraudulent activity.

26. These organized refund fraudsters brazenly advertise their services across numerous forums and social media channels—competing against each other to partner with other bad actors to grow their organization. As discussed above, they post vouches on messaging channels demonstrating the success of the operation. In order to avoid detection, refund fraudsters will substitute or obscure identifying data. The following is a sample vouch bragging about a $5,605.83 USD theft from Amazon posted on Olympus's channel:[1]

[1] Olympus Vouch Realm, Channel ID 2397586112; posted on November 4, 2025; preserved by outside investigators on May 19, 2026.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax




### C. Amazon's Efforts To Stop Fraudulent Refund Schemes

27. Amazon takes considerable measures to combat organized retail crime—including return fraud. In 2024, Amazon invested more than a billion dollars and employed thousands of people—including machine learning ("ML") scientists, software developers, and expert investigators— dedicated to protecting Amazon customers, brands, selling partners, and its store from counterfeiting, fraud, and other forms of abuse. When fraud is detected, Amazon takes a variety of measures to stop the activity, including warning customers against continued activity, closing accounts, and preventing customers who engaged in refund fraud from opening new accounts.

28. Further, Amazon has specialized teams that detect, investigate, and stop the most egregious fraud driving increased costs and disruption to services for genuine customers. These



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

teams work around the world to aggregate fraud activity and attribute the activity to specific criminals. This work feeds direct action against the bad actors.

29. Amazon's Customer Protection & Enforcement team ("CPE") works to combat external threats that harm customers, partners, and Amazon. Comprised of attorneys, former prosecutors, and expert analysts, CPE investigates and stops organized crime schemes affecting customers, partners, and Amazon—including refund fraud like this case. CPE takes direct legal action against the bad actors responsible for the harm, including working with law enforcement around the world to hold the bad actors accountable.

30. As part of its efforts to combat refund fraud, CPE has taken direct action and supported law enforcement action against the bad actors responsible for numerous refund fraud schemes, resulting in arrests as well as criminal and civil damages.[2] Amazon continues to investigate and take action against refund fraud schemes—like the one Defendants operate.

31. This lawsuit is also part of CPE's ongoing efforts to dismantle the ecosystem of fraudulent refund service providers. Amazon has previously filed suit and won substantial money judgments, totaling millions of dollars, against other refunders engaged in similar misconduct. *E.g. Amazon.com, Inc. v. Does 1-20*, 2025 WL 1866088 (W.D. Wash. July 7, 2025).

---

[2] *See, e.g.*, Press Release, United States Attorney's Office Eastern District of Virginia, South Carolina man sentenced to over a year in prison for online retail theft scheme (July 29, 2026), https://www.justice.gov/usao-edva/pr/south-carolina-man-sentenced-over-year-prison-online-retail-theft-scheme; Press Release, United States Attorney's Office Northern District of Alabama, Members of "Noir's Luxury Refunds" Telegram Channel Sentenced to Prison (April 30, 2026), https://www.justice.gov/usao-ndal/pr/members-noirs-luxury-refunds-telegram-channel-sentenced-prison; Press Release, United States Attorney's Office Northern District of Oklahoma, Eleven Sentenced to Refund Fraud Scheme Causing Millions of Dollars in Losses to Online Retailers (April 29, 2026), https://www.justice.gov/usao-ndok/pr/eleven-sentenced-refund-fraud-scheme-causing-millions-dollars-losses-online-retailers; Press Release, United States Attorney's Office Western District of Washington, "Second Defendant in Organized Refunding Fraud Ring Sentenced to 30 Months in Prison (Feb. 6, 2025), https://www.justice.gov/usao-wdwa/pr/second-defendant-organized-refunding-fraud-ring-sentenced-30-months-prison; Press Release, United States Attorney's Office Western District of Washington, Dearborn, Michigan man, who used fake refund scheme to defraud retailers of more than $4 million, sentenced to three years in prison (Dec. 19, 2024), https://www.justice.gov/usao-wdwa/pr/dearborn-michigan-man-who-used-fake-refund-scheme-defraud-retailers-more-4-million; and Press Release, United States Attorney's Office Northern District of Alabama, Member of "Noir's Luxury Refunds" Telegram Channel Pleads Guilty to Fraud (Mar. 19, 2024), https://www.justice.gov/usao-ndal/pr/member-noirs-luxury-refunds-telegram-channel-pleads-guilty-fraud.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**D. The Defendants' Role in the Fraudulent Scheme**

32. Olympus targets Amazon's online stores in the United States, Canada, and Europe. Among other places, the Defendants use the Telegram account @indo_olymp (author ID 1932102844), and pages GATEWAY OLYMPUS ENTRANCE (channel ID 2656745539), OLYMPUS MAIN REALM (channel ID 2717415178), OLYMPUS BACKUP REALM (channel ID 2519622264), OLYMPUS STORES REALM (channel ID 2389522790), and OLYMPUS VOUCHES REALM (channel ID 2397586112) to advertise their services and interact with people seeking to obtain fraudulent refunds from Amazon.

33. Olympus's Telegram channels had over 2,290 combined subscribers as of July 2026. Since at least May 2024, Olympus has posted vouches referencing over $450,000 in Amazon refunds fraudulently obtained. Below is a screenshot of Olympus's main channel information.






Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

34. Amazon is one of the retailers Olympus targets. Olympus's Telegram channel prominently features Amazon's trademarks, drawing attention and interest from Amazon customers. The following are partial screenshots of posts on Olympus's Telegram channel[3] and three different websites[4] advertising Amazon return services and depicting Amazon trademarks without authorization.




---

[3] Olympus Vouch Realm, Channel ID 2397586112; posted on April 14, 2025; preserved by outside investigators on May 19, 2026.

[4] The URLs for these websites are: https://voided.to/Indo, https://cracked.sh/Indo1337, and https://patched.sh/User/indo.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax






Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax






Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax






Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

35. Olympus capitalizes on Amazon's reputation and goodwill by using Amazon's trademarks to help generate interest in Olympus's refund fraud services. Customers are drawn to Olympus's Telegram channels under the false impression that Olympus offers legitimate Amazon return services. As customers continue navigating Olympus's channels, the illegal nature of its services becomes apparent, but that does not diminish the marketing benefits Olympus reaps with potential customers by using Amazon's trademarks.

36. Olympus charges its users a 15% fee for Amazon refunds.

37. Olympus's users begin by placing an order directly from a retailer, like Amazon. Once an order is placed, Olympus users contact Olympus via Telegram. Users then provide Olympus their Amazon account credentials, email credentials, Amazon order ID number, total amount paid, and order tracking information.

38. Olympus then uses various methods to obtain refunds for their users. One example of a method utilized involves Olympus obtaining the user's Amazon login credentials, then contacting Amazon customer service posing as the user. Olympus provides false information to manipulate the customer service associate to grant the users a refund. If this fails, Olympus files false claims requesting chargebacks to credit card companies in order to obtain a refund.

39. Often, Olympus claims the item received was an empty package. Olympus uses deceptive social engineering techniques to pressure Amazon customer service agents to issue concessions that would otherwise not be approved. In some instances, Amazon customer service agents request the submission of a police report if the requesting customer is alleging theft, before granting a concession. In these cases, someone operating the customer account sends a police report. While Amazon customer service agents believe the reports are legitimate and authorize refunds based on the submission of the reports, closer inspection typically reveals that the reports are fake or contain misrepresentations.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

40. Sometimes, Olympus requests refunds for products and Olympus or its users return packages to Amazon that are empty and designed to deceive Amazon's systems into believing the Defendants returned the item.

41. In employing the fraud schemes detailed in the preceding paragraphs, the Defendants act in concert with their users to circumvent Amazon's controls to prevent refund fraud. Defendants' scheme has caused Amazon to provide over $450,000 in refunds for products that were not returned. Amazon has also incurred significant customer support costs to process the fraudulent refunds and substantial expenses in excess of $75,000 to investigate Defendants' fraudulent activities.

**E. Amazon Verification of Olympus's Fraudulent Services**

42. In May 2026, an investigator working for Amazon's outside counsel located the three websites advertising Olympus's refund services for Amazon orders identified in paragraph 34.

43. Clicking on the Amazon name on any of the websites routed to an image containing a link to Olympus's Telegram channel, OLYMPUS ENTRANCE.

44. The investigator navigated to Olympus's OLYMPUS ENTRANCE Telegram channel and viewed the contact details for order support (@indo_olymp) and order submission (@olyform_bot), along with links to additional Olympus Refunds channels. An image of the Telegram channel is below:



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax




45. The investigator accessed the OLYMPUS STORES REALM Telegram channel and observed Amazon as an option for refund services.[5]

46. The investigator navigated to Amazon.com and placed an order for an electronic item that cost a total of approximately $1,200.

[5] Olympus Stores Realm, Channel ID 2389522790; posted on September 5, 2025; preserved by outside investigators on November 11, 2025.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

47. The investigator received an Amazon package containing the item ordered from Amazon.

48. The investigator initiated an order with Olympus via Olympus's telegram bot "OLYMPUS ORDERS" (@olyform_bot). The investigator provided their Amazon account credentials, their email credentials, the Amazon order ID, the total amount paid, the tracking information, and their personal information, as requested.

49. The investigator received a message from Olympus (@indo_olymp) inquiring whether an order had been submitted. An image of this user's account information is below:




50. The investigator confirmed they had placed an order. The investigator then received an email from Amazon.com stating there was a login from Pennsylvania, United States. Olympus confirmed that it had signed into the investigator's Amazon account and started the refund process.

51. The investigator received a message from Olympus relaying that the order had been refunded and providing a screenshot confirmation. Olympus directed the investigator to



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

transfer a fee of approximately $200 in Bitcoin and provided five crypto wallet addresses. An image of this exchange is below:




52. The investigator made the payment according to the instructions received and sent the transaction ID to Olympus.

53. The investigator received a refund from Amazon without returning the ordered product.

54. An empty package associated with the investigator's order arrived at an Amazon facility, indicating that Defendants exploited Amazon's refund policy, which provided a refund to the customer prior to the discovery of the empty package.

**F. Amazon's Investigation of Olympus's Operator**



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

55. Amazon's extensive investigation identified an individual named Denis Aleksandrov as Olympus's primary operator. In concert with the other Defendants, Aleksandrov operated Olympus, including by conducting the fraudulent scheme against Amazon to obtain illicit refunds. Olympus advertised the stores for which fraudulent refund services were provided, and relevant conditions for orders, on a Google document, titled "OLYMPUS STORE LIST."

56. Between at least December 2024 and February 2025, Olympus included a Google Docs link to their "STORE LIST" on various vouch posts on its Olympus Vouch Realm Telegram channel. On July 29, 2026, investigators clicked on a link to the store list and were routed to a webpage displaying the document in the image below:[6]

OLYMPUS STORE LIST - Google

docs.google.com/spreadsheets/d/1kvYkqWeg5QxK9r8kfIlP8vKdYWtYBeLmz7aol43V2PA/edit?gid=0#gid=0

OLYMPUS STORE LIST

File Edit View Insert Format Data Tools Extensions Help

Menus 100% View only

| a | | | | | | |
|---|---|---|---|---|---|---|
| Olympus Refunds \| 15% FEE \| MIN $100 \| PAYMENT IN CRYPTO (LTC BTC ETH) | | | | | | |
| **Store Name** | **Region** | **Price Limit** | **Item Limit** | **Timeframe** | **Fee** | **Notes** |
| **HOT STORES** | | | | | | |
| Amazon | com/ca/co.uk/it/fr/es/de/nl | $10,000 | 3-4 | Instant - 5 days | 15% | Only Sold And Shipped By Amazon |
| Revolut Chargeback | WW | $5,000 | n/a | 20-50 days | 20% | Providing full info to process a chargeback (10% upfront payment) |
| Crypto Refund | WW | $10,000 | n/a | Instant - 7 days | 15% | Bank account at least 6 months old with frequent transactions |
| Paypal Classic | WW | $2,000 | n/a | 14-21 days | 15% | aged account with transactions |
| Paypal UA | WW | $10,000 | n/a | Instant - 7 days | 15% | Must message before doing the order, aged account can do up to 10k |
| Stubhub | USA | $5,000 | n/a | Instant | 15% | Order only in the US |
| Ebay | WW | $1,500 | 1 | 12-14 days | 15% | Aged with orders \| They ban fresh accounts |
| Google Store | WW | $2,000 | 2 | Instant - 12 days | 15% | Aged account with order is better |
| BestBuy | USA/CA | $3,000 | 1 | 14-21 days | 15% | ———————— |
| Lenovo Refund | WW | $8,000 | 1 | 10-12 days | 15% | ———————— |
| Lenovo Instant Replacement | USA | $4,000 | 1 | Instant | 20% | Must be items in high stock (no custom builds) |
| Sam's Club Double Dip | USA | $10,000 | 2 | Instant | 15% | Must be 1 shipping \| only high stock items |
| Nike | WW | 1000 | 4 | 10-12 days | 20% | Must be 1 shipment |
| **Electronics** | | | | | | |
| Microsoft Store | WW | $8,000 | 1 | 12-14 days | 15% | ———————— |
| TikTok Shop | USA, UK | $5,000 | 1 | 10-12 days | 15% | ———————— |
| AMD Store | WW | $2,000 | 2 | 10-12 days | 15% | Sign under a gender neutral name if needed |
| Anker | WW | $500 | 5 | 3-14 days | 20% | ———————— |
| HP Instant | WW | $10,000 | 2 | Instant - 2 days | 20% | Must message me for instructions before placing order |
| Leica (cameras) | WW | $2,000 | 1 | 3-4 days | 15% | ———————— |
| Apple Fast Refund | WW | $5,000 | 2 | 3-4 days | 15% | Must get 1 big item \| contact for more info |
| Nikon | WW | $2,000 | 2 | 10-12 days | 15% | ———————— |
| OnePlus | WW | $4,000 | 2 | 10-12 days | 15% | Messaged me for info before placing |
| PS Direct | WW | $1,000 | 1 | 7-14 days | 15% | ———————— |
| Ring | WW | $6,000 | n/a | 10-12 days | 15% | ———————— |

57. Investigators identified in the metadata of the document that the author's name was "clashclava" and their email was "clashclava@gmail.com." Investigators utilized an online open source tool which allowed them to view the Google ID associated with the

[6] The URL for the linked document is https://docs.google.com/spreadsheets/d/1kvYkqWeg5QxK9r8kfIlP8vKdYWtYBeLmz7aol43V2PA/.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

"clashclava@gmail.com" email. The name associated with the Google ID was "Denis Aleksandrov."

58. A search of social media revealed a TikTok account for "denis.250ccc" and an Instagram account for "denis.250cc" that both used the profile name "Denis Aleksandrov." The TikTok user's listed personal details indicate that they live in Plovdiv, Bulgaria.

59. Amazon's investigation of refunds linked to Olympus vouches revealed that Aleksandrov obtained refunds through social engineering, abuse of Amazon's refund policies, and false chargeback claims when attempts at obtaining refunds failed. This activity is consistent with the services advertised on Olympus's Telegram channels.

60. Based on the preceding information and on information and belief, Denis Aleksandrov is a primary operator of Olympus Refunds and Telegram user "@indo_olymp," the administrator of Olympus's Telegram channel. Aleksandrov previously used the username "@Indoo1337."

**G. Amazon's Intellectual Property**

61. Amazon exclusively owns numerous U.S. trademark registrations and pending applications. These trademarks are a critical component of consumers' ability to readily identify Amazon products and services—including genuine product return and refund services.

62. The following trademarks and service marks (collectively "Amazon Trademarks") were unlawfully used in furtherance of Defendants' scheme:

| **Mark** | **Registration No. (International Classes)** |
|---|---|
| AMAZON | 2,657,226 (Int. Cl. 42)<br>2,738,837 (Int. Cl. 38)<br>2,738,838 (Int. Cl. 39)<br>2,832,943 (Int. Cl. 35)<br>2,857,590 (Int. Cl. 9)<br>3,868,195 (Int. Cl. 45)<br>4,171,964 (Int. Cl. 9)<br>4,656,529 (Int. Cl. 18)<br>4,907,371 (Int. Cls. 35, 41, 42)<br>5,102,687 (Int. Cl. 18) |



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

| **Mark** | **Registration No. (International Classes)** |
| --- | --- |
| | 5,281,455 (Int. Cl. 36) |
| | 4,067,393 (Int. Cl. 38)<br>3,904,646 (Int. Cl. 35)<br>3,911,425 (Int. Cl. 45)<br>5,100,558 (Int. Cl. 39)<br>4,969,037 (Int. Cl. 40)<br>5,129,530 (Int. Cl. 9)<br>6,178,565 (Int. Cls. 16, 36, 41, 42) |

63. The Amazon Trademarks have been used exclusively and continuously by Amazon and have never been abandoned. The above U.S. registrations for the Amazon Trademarks are valid, subsisting, in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065. The registrations for the Amazon Trademarks constitute prima facie evidence of their validity and of Amazon's exclusive right to use the Amazon Trademarks pursuant to 15 U.S.C. § 1057(b).

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Trademark Infringement (15 U.S.C. § 1114)

64. Amazon incorporates by reference the factual allegations contained in Sections I–IV as though set forth herein.

65. The Defendants' activities infringe the Amazon Trademarks.

66. Amazon advertises, markets, and distributes its products and services using the Amazon Trademarks and uses them to distinguish its products and services from the products and services of others in the same or related fields.

67. Because of Amazon's long, continuous, and exclusive use of the Amazon Trademarks, the Amazon Trademarks have come to mean—and are understood by customers, users, and the public to signify—products and services from Amazon.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

68. The Defendants use the Amazon Trademarks in commerce in a manner that is intended or likely to cause, at least initially, confusion, mistake, or deception as to source, origin, or authenticity of Olympus's Telegram channel, Olympus's Telegram posts, and Olympus's purported services.

69. Further, the Defendants' activities are likely to lead Amazon's customers to incorrectly believe, at least initially, that Olympus's Telegram channel, Olympus's Telegram posts, and Olympus's purported services originate with or are authorized by Amazon, thereby harming Amazon.

70. At a minimum, the Defendants acted with willful blindness to or in reckless disregard of their lack of authority to use the Amazon Trademarks and the confusion that the use of the Amazon Trademarks had on consumers as to the source, sponsorship, affiliation, or approval by Amazon of the services purportedly provided by Defendants.

71. The Defendants are subject to liability, jointly and severally, for the wrongful conduct alleged herein, both directly and under various principles of secondary liability, including without limitation respondeat superior, vicarious liability, and/or contributory infringement.

72. The Defendants' wrongful conduct includes the use of the Amazon Trademarks, as well as false and misleading statements about or related to Amazon in connection with Olympus's commercial advertising or promotion. Examples of the date, time, and manner of Defendants' false and misleading statements about or related to Amazon are identified in Section IV.D, such as the use of Amazon's logos posted on Telegram above an advertisement stating that the Defendants provide refunds.

73. The Defendants have used the Amazon Trademarks to cause confusion, mistakes, or to deceive customers. On information and belief, the Defendants' conduct initially misleads and confuses Amazon customers as to the authenticity of the services advertised, marketed, or offered in connection with Amazon Trademarks, diverting them from Amazon's genuine return



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

process. For example, Amazon customers may initially believe the Defendants offer legitimate Amazon refund services after reading the statement that the Defendants provide refunds.

74. The Defendants' acts constitute willful false statements in connection with goods and/or services distributed in interstate commerce, in violation of 15 U.S.C. § 1125(a).

75. As a result of the Defendants' wrongful conduct, Amazon is entitled to recover its actual damages, the Defendants' profits attributable to the infringement, and treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a)–(b). The amount of money due from the Defendants to Amazon is unknown to Amazon and cannot be ascertained without a detailed accounting. Alternatively, Amazon is entitled to statutory damages under 15 U.S.C. § 1117(c).

76. Amazon is further entitled to injunctive relief, as set forth in the Prayer for Relief below. Amazon has no adequate remedy at law for the Defendants' wrongful conduct because, among other things: (a) the Amazon Trademarks are unique and valuable property; (b) the Defendants' infringement constitutes harm to Amazon's reputation and goodwill such that Amazon could not be made whole by any monetary award; (c) if the Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the services being offered by Olympus's Telegram channel and posts; and (d) the Defendants' wrongful conduct and the resulting harm to Amazon is continuing.

## SECOND CAUSE OF ACTION

**False Designation of Origin, Sponsorship, Approval, or Association, and False Advertising**

**(15 U.S.C. § 1125(a))**

77. Amazon incorporates by reference the factual allegations contained in Sections I–IV as though set forth herein.

78. Amazon advertises, markets, and distributes its products and services using the Amazon Trademarks, and it uses these trademarks to distinguish its products and services from the products and services of others in the same or related fields.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

79. Because of Amazon's long, continuous, and exclusive use of the Amazon Trademarks, they have come to mean and are understood by customers, end users, and the public to signify products and services from Amazon.

80. Amazon has also designed distinctive and aesthetically pleasing displays, logos, icons, and graphic images (collectively, "Amazon designs") for its websites.

81. The Defendants' wrongful conduct includes the use of the Amazon Trademarks, Amazon's name, or imitation designs (specifically displays, logos, icons, and/or graphic designs virtually indistinguishable from the Amazon designs), and false statements regarding Amazon and its products or services in connection with the Defendants' commercial advertising or promotion. Examples of the date, time, and manner of the Defendants' false and misleading statements about or related to Amazon are identified in Section IV.D, such as the use of Amazon's logos posted on Telegram above an advertisement that the Defendants provide refunds.

82. The Defendants have used the Amazon Trademarks, Amazon's name, and/or imitation designs in a manner that is intended or likely to cause confusion, to cause a mistake, or to deceive customers. On information and belief, the Defendants' wrongful conduct initially misleads and confuses Amazon customers as to the origin of, approval of, and authenticity of the goods and services advertised, marketed, offered, or distributed in connection with Amazon's Trademarks, name, and imitation visual designs, and wrongfully trades upon Amazon's goodwill and business reputation.

83. The Defendants' acts constitute willful false statements in connection with goods and/or services distributed in interstate commerce, in violation of 15 U.S.C. § 1125(a).

84. The Defendants are subject to liability for the wrongful conduct alleged herein, both directly and under various principles of secondary liability, including without limitation respondeat superior, vicarious liability, and/or contributory infringement.

85. Amazon is further entitled to injunctive relief, as set forth in the Prayer for Relief below. The Defendants' acts have caused irreparable injury to Amazon. The injury to Amazon



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

is and continues to be ongoing and irreparable. An award of monetary damages cannot fully compensate Amazon for its injuries, and Amazon lacks an adequate remedy at law.

86. As a result of the Defendants' wrongful conduct, Amazon is entitled to recover its actual damages, the Defendants' profits, and treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a)–(b). The amount of money due to Amazon is unknown and cannot be ascertained without a detailed accounting by the Defendants.

## THIRD CAUSE OF ACTION

### Civil Conspiracy

87. Amazon incorporates by reference the factual allegations contained in Sections I–IV as though set forth herein.

88. The Defendants and their users entered into an agreement to deprive and did deprive Amazon through the exploitation of Amazon's return services with the intent to injure Amazon and its business.

89. The Defendants and their users committed multiple overt acts pursuant to and in furtherance of this conspiracy and agreement.

90. On information and belief, Defendants and users of Defendants' services agreed to engage in the fraudulent refund scheme orchestrated by the Defendants when they contacted the Defendants via Telegram, or through another platform or storefront, for a refund, or to conspire to provide refund-related services.

91. On information and belief, Defendants and users of Defendants' services were aware of each other's involvement through shared participation in the same Telegram channels and through awareness from the vouches posted in the Telegram channels.

92. On information and belief, Defendants and users of Defendants' services helped to further the fraudulent refund scheme by sharing information or allowing information to be shared regarding successful fraudulent refunds through vouches posted to the Telegram channels. Users of Defendants' services also furthered the fraudulent refund scheme by agreeing to share a



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

portion of the fraudulent refunds with the Defendants, thereby funding the fraudulent refund scheme.

93. On information and belief, upon engaging with the Defendants regarding the operational details of the refunding scheme, Olympus users knew that the refund scheme was fraudulent and not a legitimate method of obtaining Amazon refunds.

94. As a result of the Defendants' and their users' deception, Amazon approved fraudulent refunds and spent substantial resources on customer support channels that it would not have otherwise spent. If Amazon had known of the fraudulent activity carried out by the fraudulent scheme, Amazon would not have issued refunds or spent numerous resources through its customer support channels. The Defendants and their users have therefore been unjustly enriched, and Amazon has suffered damage.

**FOURTH CAUSE OF ACTION**

**Fraudulent Misrepresentation**

95. Amazon incorporates by reference the factual allegations contained in Sections I–IV as though set forth herein.

96. Between at least May 2024 and May 2026, the Defendants made numerous false representations to Amazon, including but not limited to: (1) on information and belief, contacting Amazon customer service employees posing as Amazon customers; and (2) providing false statements to Amazon customer service employees regarding product refunds, submitting false claims stating the user had not received the product ordered, and/or submitting false claims to credit card companies in order to obtain chargebacks.

97. The Defendants' representations to Amazon were material.

98. On information and belief, the Defendants' representations to Amazon were knowingly false or made recklessly without knowledge of the truth of the statement.

99. On information and belief, the Defendants' representations were made in an effort to mislead Amazon to believe that Amazon customers were requesting valid returns. And on



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

information and belief, it was the Defendants' intent that the misrepresentations should be acted upon by Amazon.

100. Amazon reasonably and justifiably relied on the Defendants' representations by processing their users' fraudulent refund requests. Amazon did not know of the falsity of the Defendants' representations. Had the Defendants informed Amazon that each refund request was fraudulent, Amazon would not have approved such requests.

101. As a material and direct result of the Defendants' fraudulent statements, Amazon approved fraudulent refund requests, causing Amazon to suffer damages.

## FIFTH CAUSE OF ACTION

### Negligent Misrepresentation

102. Amazon incorporates by reference the factual allegations contained in Sections I–IV as though set forth herein.

103. Between at least May 2024 and May 2026, the Defendants made numerous false representations to Amazon, including but not limited to: (1) on information and belief, contacting Amazon customer service employees posing as Amazon customers; and (2) providing false statements to Amazon customer service employees regarding product refunds, submitting false documentation claiming a product was never received, or falsely stating the user had not received the product ordered.

104. The Defendants' representations to Amazon were material.

105. On information and belief, the Defendants' representations to Amazon were knowingly false or made recklessly without knowledge of the truth of the statement.

106. On information and belief, the Defendants' representations were made in an effort to mislead Amazon to believe that Amazon customers were requesting valid returns. And on information and belief, it was the Defendants' intent that the misrepresentations should be acted upon by Amazon.

107. Amazon reasonably and justifiably relied on the Defendants' representations by processing their users' fraudulent refund requests. Amazon did not know of the falsity of the



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Defendants' representations. Had the Defendants informed Amazon that each refund request was fraudulent, Amazon would not have approved such requests.

108. As a material and direct result of the Defendants' representations, Amazon approved fraudulent refund requests, causing Amazon to suffer damages.

**SIXTH CAUSE OF ACTION**

**Conversion**

109. Amazon incorporates by reference the factual allegations contained in Sections I–IV as though set forth herein.

110. At all times applicable to this dispute, Amazon had a right to possess the refunds fraudulently obtained by Defendants.

111. The Defendants willfully obtained fraudulent refunds, which includes portions of the refunds the Defendants obtained from their users in exchange for Olympus's fraudulent services. Amazon did not consent to issuing refunds under these fraudulent circumstances. As a result, all Defendants continue to wrongfully exercise control over the refund amounts issued by Amazon.

112. Without Amazon's authority, all Defendants have substantially interfered with Amazon's possession of product refunds by knowingly or intentionally preventing Amazon from possession of the refund amounts.

113. As a result of Defendants' actions, Amazon has been harmed by the full value of the product refunds. Amazon is entitled to the full value of the product refunds.

**SEVENTH CAUSE OF ACTION**

**Unjust Enrichment**

114. Amazon incorporates by reference the factual allegations contained in Sections I–IV as though set forth herein.

115. The Defendants unjustly received benefits in the form of payments from fraudulent refunds received by their users in exchange for Olympus's deceptive services. The Defendants obtained these benefits at Amazon's expense and through their wrongful conduct,



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

which included their interference with Amazon's business relationships and other unfair business practices. The Defendants continue to unjustly retain these benefits at Amazon's expense. It would be unjust for the Defendants to retain any value they obtained as a result of their wrongful conduct.

116. The Defendants have been unjustly enriched by their scheme.

117. The Defendants' actions damaged Amazon, including but not limited to the time and money spent investigating and mitigating unlawful conduct.

118. As a result, Amazon is entitled to an accounting and restitution from the Defendants consisting of the benefit conferred by the revenues derived from Defendants' wrongful conduct at Amazon's expense and all profits derived from that wrongful conduct.

119. Amazon is entitled to the establishment of a constructive trust consisting of the benefit conferred upon the Defendants by the revenues derived from their wrongful conduct at Amazon's expense and all profits derived from that wrongful conduct.

120. Amazon is further entitled to full restitution of all amounts by which the Defendants have been unjustly enriched at Amazon's expense.

## VI. PRAYER FOR RELIEF

WHEREFORE, Amazon respectfully prays for the following relief:

A. That the Court enter judgment in favor of Amazon on all claims;

B. That the Court issue an order permanently enjoining all Defendants, their officers, agents, representatives, employees, successors and assigns, and all others in active concert or participation with them from:

(i) Making any statement of an affiliation or connection to Amazon in connection with any offer, survey, commercial email, marketing campaign, or website;

(ii) Opening, acquiring, or using any Amazon account to order any product or service, and from claiming any refund or concession from Amazon;



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

(iii) Using or interacting with any Telegram or other private channel media platforms, accounts, servers, or channels affiliated with the fraudulent refund scheme;

(iv) Creating any new Telegram or other private channel media platforms, accounts, servers, or channels affiliated with the fraudulent refund scheme; and

(v) Engaging in any and all of the activity alleged herein, any acts causing any of the injury complained of, and any acts assisting, aiding or abetting any other persons or business entities in engaging in or performing any of the activity complained of herein or from causing any of the injury complained of herein.

C. That the Court issue an order permanently enjoining the Defendants, their officers, agents, representatives, employees, successors and assigns, and all others in active concert or participation with them from:

(i) Using the Amazon Trademarks in connection with any offer, survey, commercial email, marketing campaign, or website;

(ii) Using any other indication of Amazon's brand in connection with any offer, survey, commercial email, marketing campaign, or website; and

(iii) Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (ii) above.

D. That the Court enter an order requiring Defendants to provide Amazon a full and complete accounting of all gross and net amounts earned in connection with the scheme alleged in this Complaint;

E. That Defendants' profits from the unlawful scheme alleged in this Complaint be disgorged pursuant to 15 U.S.C. § 1117(a);



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

F. That the Court enter an order requiring Defendants to disgorge the full value of the product refunds and declaring that Defendants hold in trust, as constructive trustees for the benefit of Amazon, their illegal profits gained from this fraudulent scheme.

G. That the highest market value of the replacement products between the time of conversion and the date of Amazon's Complaint for Damages and Injunctive Relief be disgorged.

H. That Defendants, jointly and severally, be required to pay all general, special, actual, and statutory damages which Amazon has sustained or will sustain as a consequence of Defendants' unlawful acts, including for unjust enrichment, and that such damages be enhanced, doubled, or trebled as provided for by 15 U.S.C. § 1117(a)–(b) or otherwise allowed by law;

I. That Defendants be required to pay the costs of this action and Amazon's reasonable attorneys' fees incurred in prosecuting this action, as provided for by 15 U.S.C. § 1117 or otherwise allowed by law;

J. That Defendants be required to pay restitution to Amazon in an amount equal to their unjust enrichment; and

K. That the Court grant Amazon such other, further, and additional relief as the Court deems just and equitable.

DATED this 5th day of November, 2026.

Davis Wright Tremaine LLP
Attorneys for AMAZON.COM, INC., AMAZON.COM SERVICES LLC, AND AMAZON TECHNOLOGIES, INC.

By: *s/ Bonnie MacNaughton*
Bonnie E. MacNaughton, WSBA #36110
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: (206) 757-8204
Email: bonniemacnaughton@dwt.com

By: *s/ Emily Goodell*
Emily Goodell, WSBA #44349
920 Fifth Avenue, Suite 3300

Seattle, WA 98104
Telephone: (206) 757-8287
Email: emilygoodell@dwt.com



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax